## Kreider Estate

*Philip S. Davis*, for petitioner.

*C. V. Henry, 3rd*, for respondent.

GATES, P. J., March 18, 1966.— . . . Unnecessary delay has also been occasioned by assigning as reason to remove Farmers their failure to employ and engage as counsel the attorney who drew the last will and testament of decedent and whose name was mentioned in the body thereof. It is true that in the later will, testator, in paragraph 6 thereof, provided: "I also request my hereinafter named executors to employ

Philip S. Davis, Esquire, as attorney for the executors in connection with the settlement of my estate".

It is readily observable that the language is precatory in nature and not directive: Jamison's Estate, 253 Pa. 284. Further, in a comprehensive and learned opinion of the late Judge Curtis Bok, later a Justice of the Supreme Court of Pennsylvania, in Katz's Estate, 28 D. & C. 593, it was held that a contract between a decedent and an attorney to represent his estate is not binding upon the executors. In a later decision in Felix's Estate, 52 D. & C. 37, it was determined that no testator can, by a direction in his will, bind his executors in the selection of their counsel.

Fundamentally, an executor stands in decedent's shoes and disposes of his estate as decedent intended under the terms of his will. However, with regard to employing an attorney to represent the executor, executor does not wholly stand in a decedent's shoes. His rights and liabilities are not the same as decedent's. They may be liable where he would not be, and they cannot deal with the estate with as full freedom as he could. They may not have the same confidence as decedent in the selected attorney, and should their lack of it be justified by events, they may be held liable for his improper conduct. Confidence is of first importance in the relationship between client and attorney, and the estate may suffer from its absence. The relationship of an attorney and client is a highly personal relationship, and it should be not thrust upon unwilling parties.

It is an erroneous thought that a decedent may bind his estate as he pleases. We can think of many instances where he may and should not be permitted to. We sympathize with members of the legal profession who too frequently spend long hours of devoted service in the interest of their client for which they charge little or nothing in expectation of being employed in

the settlement of the client's estate, at which time compensation commensurate with the value of the services rendered will be paid. This dilemma is somewhat heightened and intensified where a corporate fiduciary is designated in the will, and the fiduciary disregards decedent's personal attorney, and perhaps scrivener of the will who recommended the appointment of the corporate fiduciary and selects the bank's solicitor. There is no question but that this is a sensitive area giving rise to suspicions on the part of the members of the bar that the officers of the bank are discouraging the preference of the heirs and of decedent himself in favor of their own solicitor, who is frequently an officer or director of the bank. The contention is somewhat heightened by the fact that the corporate fiduciary can freely advertise and solicit their appointment as fiduciaries, whereas attorneys are hampered by their canon of ethics against advertising or soliciting. Though it is commendable to appoint the scrivener of the will, it is clearly not required.

An attorney does not represent the estate at all, but rather the executor individually. It is the executor who is charged with the duty of representing the estate and settling the affairs of decedent. It is the named personal representative who is chargeable with duties and subject to liabilities in connection with the representation of a decedent's estate.

The law does not and, indeed, should not erect obstacles which would discourage a personal representative from freely selecting counsel in whom they repose confidence. To the disappointed attorney, the somewhat cynical comment is made that his economic disappointment is self-imposed by not insisting upon payment for his services when and as often as rendered. Great expectations under these circumstances is somewhat akin to gambling. . . .